ORDER
FORDHAM, JUDGE:
An application of the claimant, Queena M. Waitts, for an award under the West Virginia Crime Victims Compensation Act, was filed December 2, 2005. The report of the Claim Investigator, filed May 15,2006, recommended that an award be granted. An Order was issued on September 11, 2006, denying the claim, in response to which the claimant’s request for hearing was filed September 21, 2006. This matter came on for hearing November 9,2007, the claimant appearing by counsel, Jeremy M. McGraw, and the State of West Virginia by counsel, Ronald R. Brown, Assistant Attorney General.
At approximately 5:50 p.m. on July 9, 2005, the claimant’s son, twenty-four-year-old Chris Waitts, was the victim of a homicide in Wheeling, Ohio County. Chris Waitts was standing at the intersection of 15th Street and Wood Street when a green Jeep Cherokee drove to the area. Joseph Beagle was the driver of the vehicle and James Tyrone “Tyke” Pugh was the passenger. James Pugh exited the vehicle and fired several shots at Chris Waitts. Then, the offender returned to the vehicle and fled from the scene. Upon arrival, the police observed that the victim was in need of medical attention. Shortly afterwards, the ambulance arrived and transported the victim to Wheeling Hospital. The victim sustained multiple gunshot wounds to the back, shoulder, arm, and leg. He was pronounced dead at the hospital.
On January 24, 2006, James Pugh pled guilty to voluntary manslaughter for intentionally and feloniously shooting and killing Christopher Waitts with a firearm. On April 10, 2006, he received the maximum sentence of fifteen years in prison.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant was not an innocent victim of crime. W.Va. Code § 14-2A-3(1) states: “ ‘Contributory misconduct’ means any conduct of the claimant, or of the victim through whom the claimant claims an award, that is unlawful or intentionally tortious and that, without regard to the conduct’s proximity in time or space to the criminally injurious conduct, has causal relationship to the criminally injurious conduct that is the basis of the claim and shall also include the voluntary intoxication of the claimant, either by the consumption of alcohol or the use of any controlled substance when the intoxication has a causal connection or relationship to the injury sustained...”
Testifying at the hearing was Officer Louis A. Dvoracek, a detective with the Wheeling Police Department. He stated that the motive for the shooting was not entirely known. He stated that there was a dispute between the victim and the offender, and the victim had threatened to kill the offender and his family prior to this incident. Officer Dvoracek did not know that an hallucinogenic drug was found in the victim’s system. He testified that no drugs or weapons were found in the victim’s possession at the crime scene. Further, he stated that there was no evidence indicating that the homicide was the result of a drug deal.
Claimant Queena M. Waitts, the victim’s mother, testified that she saw her son Chris on the day that he was killed. At approximately 4:30 p.m., the claimant was *343 returning home from shopping with Chris’ daughter. Ms. Waitts stated that her son was on the street comer with his nephew, and she told him that he needed to get off the street. Shortly after the claimant arrived home, a young boy came inside her house and said, “Ms. Queena, you need to come down here real quick ‘cause Chris just got shot.” The claimant stated that she knew that there was a conflict between her son and the offender, but she did not know the basis of it. On the day that he was killed, the claimant stated that her son did not appear to be under the influence of drugs or alcohol.
The Claim Investigator’s original finding was that the claimant was entitled to compensation in the amount of $5,114.55 for funeral and medical expenses. The original Order denied that an award should be made. The Order indicated that the presence of an hallucinogenic dmg in the victim’s system led the Court to determine that the victim had been engaged in contributory misconduct.
The claimant has the burden of proving by a preponderance of the evidence that the victim was not engaged in contributory misconduct as defined in W.Va. Code § 14-2 A-3 (1). At the hearing, the Court requested that the claimant submit the transcript ftom James Tyrone Pugh’s plea and sentencing hearing. After reviewing all of the evidence submitted in this claim, the Court finds that the claimant has met her burden of proof that her son had not been engaged in contributory misconduct. Although the victim and the offender were involved in disputes prior to this incident, Chris Waitts was an innocent victim of crime. The offender brutally shot him multiple times in the back, shoulder, arm, and leg. Officer Dvoracek testified that no drugs or weapons were found in the victim’s possession at the crime scene, and there was no evidence that the shooting was the result of a drug deal. Further, the Court finds that the presence of the hallucinogenic drug in the victim’s system did not have a causal relationship to the shooting. Thus, the Court is constrained by the evidence to reverse its previous ruling.
Based on the foregoing, it is hereby ORDERED that an award in that sum of $5,114.55 for funeral and medical expenses be granted as set forth in the Claim Investigator’s economic loss analysis.